UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **MAC S. HUDSON, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | CIVIL ACTION No. |
| | ) | 11-12173-NMG |
| **LUIS S. SPENCER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**ORDER ON PLAINTIFF'S MOTIONS NOS. 67, 69**</u>

**GORTON, J.**

This multi-plaintiff action was filed by several Massachusetts inmates in 2011 concerning their request for certain religious accommodations while incarcerated at MCI - Concord. See Docket No. 1. Plaintiffs motion to amend was recently allowed. See Docket No. 80. The first amended complaint adds one new plaintiff [Umar Salahuddin] and adds two new defendants [Jaileen Hopkins and Dale Bissonnette]. See Docket No. 81.

Pending before the Court are plaintiffs' motion for appointment of counsel and motion concerning service of the amended complaint. See Docket Nos. 67, 69.

**A. The Motion for Appointment of Counsel**

Under 28 U.S.C. § 1915(e)(1), the Court may request an attorney to represent any person unable to afford counsel. Such appointment, however, is a privilege, not a right. See DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991) ("there is no absolute constitutional right to a free lawyer in a civil

case"). The United States Court of Appeals for the First Circuit provides the following set of factors to consider when determining whether to appoint counsel to an indigent under § 1915: "[1] the indigent's ability to conduct whatever factual investigation is necessary to support his or her claim; [2] the complexity of the factual and legal issues involved; and [3] the capability of the indigent litigant to present the case." Cookish v. Cunningham, 787 F.2d 1, 3 (1st Cir. 1986) (per curiam); see also Bemis v. Kelley, 857 F.2d 14, 16 (1st Cir. 1988). Ultimately, to be eligible for this assistance under 28 U.S.C. § 1915, plaintiffs "must demonstrate that [they are] indigent and that exceptional circumstances [are] present such that a denial of counsel [is] likely to result in fundamental unfairness impinging on his due process rights." DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991).

The Court previously allowed plaintiffs to proceed in forma pauperis, a sign of their financial limitations, and also determined that they had exhausted their administrative remedies. In light of the total circumstances presented, the court will allow plaintiffs' motion for counsel.

Plaintiffs are advised, however, that the pro bono panel is comprised of volunteer attorneys who are not compensated for their services. It is difficult to predict when, and if, an appointment will be made. Therefore plaintiffs must continue to

proceed pro se until such time as pro bono counsel can be secured on their behalf, if at all.

**B. Service of Process**

Plaintiffs filed a motion seeking to have defendants' counsel accept service, or in the alternative, issue summons for service.

Pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3), the Court is required to "order service by the U.S. Marshal if the plaintiff is authorized to proceed IFP." See Laurence v. Wall, 551 F.3d 92, 93 (1st Cir. 2008). Here, the Court will direct the clerk to issue summonses for service of the first amended complaint on defendants Jaileen Hopkins and Dale Bissonnette by the United States Marshals Service. Because the remaining defendants have already appeared in this action, the plaintiffs may serve them by mailing copies of the first amended complaint.

Although the Court is not entering an order for defendants' counsel to accept service on behalf of any, or all, of the defendants, counsel is free to file a notice that they will accept such service.

Accordingly, it is hereby ORDERED that:

(1) Plaintiffs' Motion (#67) for Appointment of Counsel is allowed. Plaintiffs must continue to proceed pro se until such time as pro bono counsel can be secured on their behalf, if at all.

(2) This matter is referred to the Court's Pro Bono

> Coordinators to attempt to secure counsel willing to represent plaintiffs without compensation  The Pro Bono Coordinator shall, by April 30, 2014, report to the Court the result of such effort.

(3) Plaintiffs' Motion (#69) to Have Defendants Counsel Accept Service on Behalf of Defendant or Alternatively to be Issued Appropriate Summons to Make Service is denied except that the Clerk shall issue summonses for service of the first amended complaint on the two new defendants: Jaileen Hopkins and Dale Bissonnette.

(4) The Clerk shall send the summonses, first amended complaint, and this Order to plaintiff Mac Hudson, who must thereafter serve defendants Jaileen Hopkins and Dale Bissonnette in accordance with Federal Rule of Civil Procedure 4(m).  Mac Hudson may elect to have service made by the United States Marshals Service. If directed by the plaintiff to do so, the United States Marshals shall serve the summons, first amended complaint, and this Order upon defendants Jaileen Hopkins and Dale Bissonnette, in the manner directed by the plaintiff Mac Hudson, with all costs of service to be advanced by the United States. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the plaintiffs shall have 120 days from the date of this Order to complete service.

**So ordered.**

                                        /s/ Nathaniel M. Gorton
                                        Nathaniel M. Gorton
                                        United States District Judge

Dated March 19, 2014