United States District Court
District of Massachusetts

| | |
|---|---|
| MAC S. HUDSON, FARADAN IBN SALAHUDDIN, EDGAR ROCK, RAYMOND COLON, ABDUL J. LOPEZ, RALPH BROWN, EVANS MAHON and UMAR SALAHUDDIN, Plaintiffs, v. LUIS S. SPENCER, CHRISTOPHER MITCHELL, BRUCE GELB, KAREN DINARDO, CHRISTINE LARKINS, LOIS RUSSO, JAILEEN HOPKINS and DALE BISSONNETTE, Defendants. | Civil Action No. 11-12173-NMG |

## MEMORANDUM & ORDER

**GORTON, J.**

This is a pro se prisoner case in which inmates at MCI-Concord claim that they have been denied the right to observe tenets of the Nation of Islam ("NOI") while incarcerated. Defendants are all employees of MCI-Concord or the Massachusetts Department of Correction ("the DOC").

Pending before the Court are defendants' motion for summary judgment and plaintiffs' cross-motion for summary judgment. For the reasons that follow, defendants' motion for summary

judgment will be allowed and plaintiffs' cross-motion for summary judgment will be denied.

I. **Background**

Plaintiffs (sometimes referred to as "the inmates") initiated this lawsuit in December, 2011, and filed an amended complaint in March, 2014. In their amended complaint, plaintiffs alleged that defendants violated 1) plaintiffs' First and Fourteenth Amendment rights, including the right to equal protection, under 42 U.S.C. § 1983, 2) the Religious Land Use and Institutionalized Persons Act ("RLUIPA") under 42 U.S.C. § 2000cc, et seq., 3) the Prison Litigation Reform Act ("PLRA") under 42 U.S.C. § 1997e, 4) Massachusetts General Laws chapter 127, § 88, 5) articles I and XII of the Massachusetts Declaration of Rights and 6) Title 103 of the Code of Massachusetts Regulations, § 471.

The inmates requested 1) the appointment of a full-time NOI chaplain, 2) daily access to space for worship, 3) separate NOI fasting and feast sessions during religious ceremonies, 4) an ability to wear religious attire such as bow ties and lapel pins, 4) an ability to engage in "spiritual drilling" and 6) compensatory and punitive damages.

The DOC filed a motion for summary judgment in July, 2015, and the inmates filed a cross-motion for summary judgment the following month. This Court entered its original Memorandum and

Order allowing, in part, and denying, in part, the parties' cross-motions for summary judgment in September, 2015.  The Court allowed defendants' motion for summary judgment as to all of plaintiffs' claims except as to plaintiff's RLUIPA claim for injunctive relief with respect to daily access to worship space.

As the Court acknowledged in its original Memorandum and Order, defendants explained why they have not hired a full-time Nation of Islam chaplain but did not explain why plaintiffs cannot have access to worship space when there is no chaplain available.  Plaintiffs asserted that defendants have allowed other religious groups access to worship space and have provided non-chaplain supervision.  The Court's compromise position was to require defendants to provide plaintiffs with televised recordings of Jumuah services when a chaplain is unavailable to provide in-person services.

In January, 2018, the First Circuit Court of Appeals affirmed, in part, the Court's Memorandum and Order allowing defendants' motion for summary judgment and remanded for reconsideration of the limitations upon the inmates' access to worship space. Hudson v. Spencer, No. 15-2323, 2018 WL 2046094, *5 (1st Cir. Jan. 23, 2018).  The First Circuit held that plaintiffs' affidavits were sufficient to show that the lack of daily access to space for congregational worship substantially burdened their religious exercise. Id. at *2.  The First Circuit

remanded the case so this Court could consider whether defendants have demonstrated that those access limitations were the least restrictive means of furthering defendants' compelling security interests. Id.

II. **Motions for Summary Judgment**

   A. **Legal standard**

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991) (quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990)). The burden is on the moving party to show, through the pleadings, discovery and affidavits, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A fact is material if it "might affect the outcome of the suit under the governing law . . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." Id.

If the moving party satisfies its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477

U.S. 317, 324 (1986). The Court must view the entire record in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993). Summary judgment is appropriate if, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law.

**B. Overview of the Parties' Arguments**

The parties assert that they are each entitled to summary judgment. Defendants concede that the least restrictive means of permitting plaintiffs to meet for daily congregational prayer is for them to be supervised by a NOI religious volunteer. Defendants submit that Chaplain Randy Curet is a full-time employee of the DOC and that one of his primary responsibilities as a DOC chaplain is to recruit religious volunteers to supervise NOI religious services. Despite that duty, Chaplain Curet has been unable to secure a NOI religious volunteer to work with or supervise NOI inmates at MCI-Concord.

At the recent hearing on the pending motions, Chaplain Curet informed the Court that there is only one NOI mosque in the Commonwealth of Massachusetts and thus his access to helpers is very limited. Chaplain Curet has attempted on numerous occasions to secure NOI religious volunteers from his mosque but

-5-

they have either failed to complete the approval process or have been rejected by the Director of Volunteer Services at MCI-Concord for security reasons.

Defendants also submit that corrections officers cannot provide direct supervision of religious services. They explain that non-chaplain employees cannot supervise plaintiffs' daily congregational prayer because those employees cannot be diverted from their normal duties.

Plaintiffs respond, however, that they have been provided access to their designated place of prayer in the past without the supervision of a chaplain or religious volunteer and that other religious groups at MCI-Concord have been allowed access to places of congregational worship under only intermittent supervision of security staff. Plaintiffs also contend that they are presently allowed to meet under intermittent supervision of security staff in a designated NOI worship area on Thursdays and have been doing so since 2016. Finally, the inmates submit that there is adequate time and classroom space available to accommodate their request for daily access to NOI congregational prayer and that there is sufficient staff at hand to supervise such prayer.

Matthew Divris, Deputy Superintendent of MCI-Concord, who also appeared at the hearing, confirmed that plaintiffs are in fact provided access to their designated place of worship on

Thursdays without the presence of a chaplain or religious volunteer. During such sessions, plaintiffs watch religious videos together but are not permitted to lead each other in religious services consistent with DOC policy. Divris reported that security personnel are posted nearby to provide intermittent supervision of Thursday religious sessions and that there have been no security issues with that arrangement. Divris also explained, however, that MCI-Concord is short-staffed at present and that to require the facility to supervise NOI inmates' congregational worship on a daily basis would force the prison either to close the gym or cancel other recreational activities which benefit all inmates.

Divris conceded that there are spaces available for NOI congregational services but reiterated that there is simply not enough security staff to provide the required supervision of daily congregational sessions. Defendants also point out that allowing access to the NOI prayer space at night presents special security concerns. Divris suggested that the current prayer schedule for NOI inmates is reasonable given the prison's staffing issues and because other religious groups are provided access to corporate worship only two to three days each week.

**C. Religious Land Use and Institutionalized Persons Act**

    **1. Legal Standard**

RLUIPA "protects institutionalized persons who are unable freely to attend to their religious needs." Cutter v. Wilkinson, 544 U.S. 709, 721 (2005). The statute provides more protection than the First Amendment does for an inmate's free exercise rights. Kuperman v. Wrenn, 645 F.3d 69, 79 (1st Cir. 2011). Section 3 of RLUIPA provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person-- (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1. Courts applying the RLUIPA standard should give

> due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources.

Cutter, 544 U.S. at 723.

The First Circuit evaluates RLUIPA claims under a burden-shifting standard with four elements. Spratt v. Rhode Island Dep't of Corr., 482 F.3d 33, 38 (1st Cir. 2007).

The plaintiff first must show that 1) there is a burden on the institutionalized person's religious exercise and 2) the

burden is substantial. Id. If the plaintiff establishes such a "substantial burden," the requirement of proof then shifts to the government to demonstrate that 3) the burden furthers a compelling government interest and 4) the burden is the least restrictive means of achieving the interest. Spratt, 482 F.3d at 38. A compelling interest is "more than a colorable interest, or an interest serving the convenience of the State." Hudson, 538 F. Supp. 2d at 410. Courts should evaluate claims

> with particular sensitivity when security concerns are legitimately at issue . . . [because] prison security is a compelling state interest, and [] deference is due to institutional officials' expertise in this area.

Id. at 409. To satisfy the least restrictive means requirement, the government need not "refute every conceivable option" but it must "explore at least some alternatives" and provide an explanation for rejection. Spratt, 482 F.3d at 41 n.11.

**2. Application**

The inmates claim a RLUIPA violation based upon the DOC's refusal to allow them daily access to space for congregational worship. The First Circuit has held that the inmates have shown that the lack of daily access to space for congregational worship substantially burdens their religious exercise. Thus the burden of proof has shifted to the DOC to demonstrate that the access limitations are the least restrictive means of furthering a compelling government interest.

That burden has been met because defendants have adequately explained their denial of plaintiffs' request for daily access to space for congregational prayer.  Deputy Superintendent Divris notified the Court that MCI-Concord has a serious staffing shortage and that requiring its staff to supervise plaintiffs' daily access to congregational worship space would force the prison to discontinue other important recreational services for all inmates.  While MCI-Concord currently provides NOI inmates access to worship space under only intermittent supervision on days when Chaplain Curet is unavailable, the Court is satisfied that such an arrangement is reasonable, given present resource limitations and staffing concerns.

Defendants concede that the least restrictive means of permitting NOI inmates to have daily access to their congregational worship space is to provide a religious volunteer on days Chaplain Curet is unavailable but their failure to do so is not their fault.  Indeed, the lack of NOI religious volunteers is the result of factors beyond the control of MCI-Concord.  Chaplain Curet has made a good faith effort to arrange for NOI religious volunteers in the past but has been unsuccessful due to the limited resources available and application difficulties.

The Court concludes that defendants have shown that the access limitations are the least restrictive means of furthering their compelling security interests.

**ORDER**

For the foregoing reasons, defendants' motion for summary judgment (Docket No. 314) is **ALLOWED** and plaintiffs' cross-motion for summary judgment (Docket No. 333) is **DENIED**.

Notwithstanding this order, in an effort to resolve any lingering dispute, the Court **DIRECTS** the continuation of:

1) collaboration between the NOI inmates and MCI-Concord personnel to accommodate the religious exercise of NOI inmates, an example of which has been the allowance of Thursday prayer sessions under intermittent supervision;

2) efforts by Chaplain Curet, the NOI religious volunteer candidates and the Director of Volunteer Services at MCI-Concord to retain the services of religious volunteers to supervise the NOI inmates' congregational worship; and

3) compliance with its prior Memorandum & Order (Docket No. 340) which requires the Department of Corrections, when at all possible, to provide plaintiffs access to televised recordings with sounds and images of Jumuah services led by an appropriate chaplain whenever the NOI chaplain is unavailable to conduct in-person Jumuah services.

**So ordered.**

                                          _/s/ Nathaniel M. Gorton_____
                                          Nathaniel M. Gorton
                                          United States District Judge

Dated September 28, 2018