United States District Court
District of Massachusetts

| | |
|---|---|
| MAC S. HUDSON, FARADAN IBN SALAHUDDIN, EDGAR ROCK, RAYMOND COLON, ABDUL J. LOPEZ, RALPH BROWN, EVANS MAHON and UMAR SALAHUDDIN,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>LUIS S. SPENCER, CHRISTOPHER MITCHELL, BRUCE GELB, KAREN DINARDO, CHRISTINE LARKINS, LOIS RUSSO, JAILEEN HOPKINS and DALE BISSONNETTEE,<br><br>　　　　Defendants. | Civil Action No.<br>11-12173-NMG |

**ORDER**

**GORTON, J.**

In February, 2018, plaintiffs filed a motion for costs (Docket No. 374) related to their partially successful appeal to the First Circuit Court of Appeals ("the First Circuit") of an adverse judgment of this Court. Plaintiff Mac Hudson ("Hudson") requested $542.70 for costs related to the "docket fee for Appeals Court and postage to file briefs and appendixes (sic)" and plaintiff Umar Salahuddin ("Salahuddin") requested $505 for costs related to "the docket fee for the Appeals Court". In September, 2018, this Court allowed that motion by endorsement (Docket No. 416).

-1-

On remand from the decision of the First Circuit affirming, in part, and vacating, in part, this Court's prior order, this Court again allowed defendants' motion for summary judgment and denied plaintiffs' cross-motion for summary judgment (Docket No. 420).

In October, 2018, defendants filed a motion for reconsideration of the Court's allowance of costs to the plaintiffs (Docket No. 422).  Defendants contend that because plaintiffs were not ultimately the prevailing party in the district court on remand, they are not entitled to costs pursuant to Fed. R. Civ. P. 54.  Plaintiffs respond that, even though they ultimately were not the prevailing party on remand, they were successful on appeal and thus are entitled to costs related to that appeal pursuant to Fed. R. App. P. 39(a).

The applicable appellate rules provide that

> if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders . . . [and that] [a] party who wants costs taxed must—within 14 days after entry of judgment—file with the circuit clerk, with proof of service, an itemized and verified bill of costs.

Fed. R. App. P. 39(a)(4) and (d)(1).  The fee for filing the notice of appeal, however, is "taxable in the district court for the benefit of the party entitled to costs". Fed. R. App. P. 39(e).

There is a split among the Circuit Courts of Appeal with respect to whether the appellate court must first determine which party, if any, is entitled to costs before those costs may be taxed in the district court. Compare L-3 Commc'ns Corp. v. OSI Sys., Inc., 607 F.3d 24, 29 (2d Cir. 2010) ("We read subsection (a)(4) as requiring the appellate court to make a determination about which party, if any, should bear costs before costs may be taxed."); Reeder-Simco GMC, Inc. v. Volvo GM Heavy Truck Corp., 497 F.3d 805, 808 (8th Cir. 2007) ("When read together, then, the provisions of subdivisions (a)(4) and (e) of Rule 39 indicate the costs listed as taxable in the district court are subject to the appellate court so '[o]rdering' them to be recoverable under Rule 39(a)(4) in cases where a judgment is affirmed in part, reversed in part, modified, or vacated."), with Republic Tobacco Co. v. N. Atl. Trading Co., Inc., 481 F.3d 442, 449 (7th Cir. 2007) (holding that Rule 39(a)(4) permits a district court to allocate costs where an appellate court modifies a district court's judgment).

Where a party is awarded costs by the appellate court pursuant to Fed. R. App. P. 39(a)(4), however, that party is immediately entitled to seek costs in the district court under Fed. R. App. P. 39(e) regardless of the ultimate outcome of the case on remand. Flythe v. District of Columbia, 317 F.R.D. 596, 598 (D.D.C. 2016).

Here, the First Circuit did not determine whether plaintiffs were entitled to costs as part of its decision to affirm, in part, and vacate and remand, in part, this Court's prior order nor did plaintiffs file a bill of costs with the First Circuit clerk. Notwithstanding those omissions, this Court is persuaded by the reasoning of the Seventh Circuit Court of Appeals that a district court has broad discretion to allocate costs where an appellate court modifies its judgment. See Republic Tobacco Co., 481 F.3d at 449. The Court concludes that pursuant to Fed. R. App. P. 39(a)(4) and (e), plaintiffs are entitled to recover the filing fees associated with the docketing of their appeal, including those related to the filing of briefs and appendices.

## ORDER

Accordingly, defendants' motion for reconsideration (Docket No. 422) is **ALLOWED** but, upon such reconsideration, the subject costs are, again, awarded to plaintiffs.

**So ordered.**

                                                     _/s/ Nathaniel M. Gorton_
                                                     Nathaniel M. Gorton
                                                     United States District Judge

Dated December 10, 2018