```
                    United States District Court
                      District of Massachusetts
```

| | |
|---|---|
| Hudson, et al.,                        )<br>                                        )<br>        Plaintiffs,                    )<br>                                        )<br>        v.                              )<br>                                        )<br>Commissioner Carol A. Mici, et al.,     )<br>                                        )<br>        Defendants.                     )<br>                                        ) | Civil Action No.<br>11-12173-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

The sole issue remaining in the pending case is an equitable claim brought under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Pro se plaintiff Mac Hudson and other adherents of the Nation of Islam ("NOI") faith ("the plaintiffs") allege that employees of the Massachusetts Correctional Institute at Concord ("MCI-Concord") and the Massachusetts Department of Correction ("DOC") (collectively, "the defendants") violated 42 U.S.C. § 2000cc et seq. by improperly imposing a burden on plaintiffs' exercise of their religion at the MCI-Concord facility.[1]

---

[1] Carol A. Mici has replaced Luis S. Spencer as the Commissioner of the DOC during the pendency of the case at bar and will be substituted as a party pursuant to Fed. R. Civ. P. 25(d).

After extensive pre-trial proceedings, defendants filed a motion to dismiss the claims of plaintiffs Mac Hudson ("Hudson"), Ralph Brown ("Brown"), Raymond Colon ("Colon") and Umar Salahuddin ("U. Salahuddin") in August, 2022 (Docket No. 463). Although the Court granted plaintiffs an extended opportunity to respond to that motion, no oppositions have been filed. For the reasons that follow, the motion will be allowed.

I. **Background**

Plaintiffs filed their original complaint in December, 2011. After multiple rounds of dispositive motions, appeals and appellate decisions of which the parties were aware, a single equitable claim under the RLUIPA was remanded in November, 2021, for further proceedings before this Court.

This Court convened a hearing to address the status of the case in August, 2022, at which defendants announced that only Edker Rock and Faradan Ibn Salahuddin were viable plaintiffs because they were the only plaintiffs still resident at MCI-Concord. At that hearing, Hudson nevertheless contended that he continued to have standing to assert a RLUIPA claim against defendants.

The Court set a deadline of August 24, 2022, for defendants to file a motion to dismiss based upon their argument of mootness. Defendants timely filed such motion, including a certificate of service averring that they sent paper copies of

the motion and supporting memorandum to plaintiffs at their then-current addresses.  Hudson responded by filing a "motion" on September 2, 2022, claiming that defendants had waived their opportunity to file a motion a dismiss.  He stated that he had not yet received defendants' motion to dismiss, asserted that defendants were engaged in a "tactical delay" and sought sanctions.  The address Hudson provided in that filing matched the address to which defendants had sent their motion to dismiss.

On September 7, 2022, defendants responded to Hudson with a sworn affidavit reaffirming that they had sent paper copies of their motion to Hudson and the other remaining plaintiffs on August 24, 2022.  Defendants noted that Hudson had been released from DOC custody on September 1, 2022, and stated that they would now serve him by mail at the address provided upon his release.  In October, 2022, the Court reset the deadline for plaintiffs to respond to defendants' motion to dismiss to early November, 2022, but the Court has received no such response before or after that deadline.

## II.  Motion to Dismiss for Mootness

Mootness is a constitutional issue that a court should ordinarily resolve before reaching the merits of a case. ACLU of Mass. v. U.S. Conference of Catholic Bishops, 705 F.3d 44, 52 (1st Cir. 2013).  The mootness doctrine ensures that claims are

justiciable throughout the course of litigation and not only at the time a claim is initially filed. Id.

The First Circuit Court of Appeals has identified the following circumstances when cases will become moot:

> 1) when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome;
>
> 2) when the court cannot give any effectual relief to the potentially prevailing party; and
>
> 3) if events have transpired to render a court opinion merely advisory.

KG Urban Enters., LLC v. Patrick, 969 F. Supp. 2d 52, 56 (D. Mass. 2013) (citing Catholic Bishops, 705 F.3d at 52-53).

The only claim remaining in the case at bar is plaintiffs' claim for equitable relief under the RLUIPA with respect to the availability of and conditions for group worship by NOI adherents at MCI-Concord. Plaintiffs Hudson, Brown, Colon and U. Salahuddin are no longer incarcerated at MCI-Concord and thus have no legally cognizable interest in the outcome of the dispute. Their claims are therefore moot. See Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 72 (2013) (holding that a plaintiff's action must be dismissed as moot if an "intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit").

Nor is there any merit to the supposition that the challenged circumstances are capable of repetition yet will evade review. That doctrine applies only in cases where

> the party asking the court to exercise jurisdiction can demonstrate that (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again.

United States v. Mazzillo, 373 F.3d 181, 183 (1st Cir. 2004) (internal quotation marks omitted) (quoting United States v. Reid, 369 F.3d 619, 626-27 (1st Cir. 2004)).

None of the transferred and/or released plaintiffs in the pending case has even attempted to make a showing that he expects to be subjected to the same injurious circumstances again. In any event, it would be unreasonable for the Court to assume that any of the plaintiffs will violate the terms of their parole or otherwise be subject to detention at MCI-Concord and thus be "once again place[d] . . . at risk of" the injury underlying the pending litigation. See, e.g., Ind v. Colo. Dep't of Corr., 801 F.3d 1209, 1214 (10th Cir. 2015) (quoting Honig v. Doe, 484 U.S. 305, 320 (1988)).

**ORDER**

For the foregoing reasons, the motion to dismiss of defendants (Docket No. 463), as to plaintiffs Mac Hudson, Ralph Brown, Raymond Colon and Umar Salahuddin, is **ALLOWED**.

The pleading filed by plaintiff Mac Hudson on September 2, 2022, (Docket No. 467), is treated as a motion to deny defendants' motion to dismiss and is **DENIED**.

Defendants and the remaining plaintiffs are instructed to file an updated notice to the Court on or before April 14, 2023, regarding the status of their settlement negotiations and readiness for trial.  As previously noted, the case will be reassigned to another judicial officer in the event that the parties plan to proceed to trial unless the parties petition otherwise and the Court concurs. <u>See</u> Local Rule 40.1(k)(2).

**So ordered.**

  /s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated:  March 2, 2023